IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 12-CA-003562

FILED 2013 MAR 13 PM 3:37

TONIA ROOT, on behalf of GAGE ROOT a minor,

    Plaintiff,

vs.

BALFOUR BEATTY CONSTRUCTION LLC, a Delaware limited liability corporation, ZEP CONSTRUCTION, INC., C.W. ROBERTS CONTRACTING, INC., f/k/a COUGAR CONTRACTING SPECIALITIES, INC., a wholly owned subsidiary of CONSTRUCTION PARTNERS, INC. DRMP, INC., ROADSAFE TRAFFIC SYSTEMS, INC., f/k/a NES TRAFFIC SAFETY and ALLIED ENGINEERING AND TESTING, INC.,

    Defendants.

_____/

BALFOUR BEATTY CONSTRUCTION LLC, a Delaware limited liability corporation,

    Third-Party Plaintiff

vs.

ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation,

    Third-Party Defendant.

_____/

**EXHIBIT A**

## THIRD-PARTY COMPLAINT

Third-Party Plaintiff, BALFOUR BEATTY CONSTRUCTION COMPANY LLC, ("BALFOUR"), sues Third-Party Defendant, ZURICH AMERICAN INSURANCE COMPANY ("ZURICH"), and alleges:

1. This is an action for declaratory relief within the jurisdiction of the Court brought under Florida Statutes, Chapter 86, of the construction of the terms of the policy of insurance issued to ROADSAFE by ZURICH and the rights and duties of the parties arising thereunder. ZURICH's commercial general liability coverage policy declarations page for policy, GLO-9262299-01[1] issued to ROADSAFE and in effect from 10/03/08 to 10/03/09, and naming BALFOUR as an additional insured is attached hereto as Exhibit "A."

2. At all times material hereto, Third-Party Plaintiff, BALFOUR BEATTY, was a corporation duly licensed to do business in Lee and Miami-Dade County, Florida.

3. At all material times hereto, Third-Party Defendant, ZURICH, is an insurance company authorized to do business in the state of Florida; and is doing business in Lee County.

4. Third-Party Plaintiff is an insured under the above described policy of insurance issued by ZURICH.

5. Pursuant to the Accord Certificate of Liability Insurance ("A"):

"The general liability policy's general aggregate limit applies per project is subject to a 10,000,000 aggregate policy limit. RE: Any and all job for Cape Coral Transportation Project all phases. Balfour Beatty and City of Cape Coral are named as additional insureds as their interests may appear."

---

[1] Pursuant to Fla. R. Civ. P. 1.130, Defendant has attached the full policy given to it by ROADSAFE, after demanding copies from ROADSAFE and ZURICH under Fla. Stat. 627.4137(1). A copy of the policy is attached as Exhibit "B."

6. Third-Party Plaintiff demanded a defense and indemnification under the above-referenced policy of insurance in the pending personal injury lawsuit in which this Third-Party Complaint is filed.

7. Plaintiff Root's Complaint sufficiently alleges a claim against BALFOUR covered under ZURICH's policy, and Third-Party Plaintiff is entitled to a declaration that ZURICH owes a defense and indemnification in that lawsuit, as well as attorney's fees under Fla. Stat. § 627.427. BALFOUR further contends that it is entitled to a defense and indemnification and/or is an additional insured under the subject ZURICH policy issued to ROADSAFE pursuant policy provisions in force and effect in October, 2008.

8. On or about January 2, 2007, BALFOUR BEATTY[2] and ROADSAFE entered into an Maintenance of Traffic ("MOT") subcontract agreement in full force and effect on January 29, 2007, a copy of which is attached hereto as Exhibit "C."

9. Pursuant to subsection 6 of the contract, ROADSAFE agreed to maintain in full force and effect a general liability insurance policy in force for a period of one (1) year after completion of the work and for two (2) years in the case of a completed operations coverage. General Liability coverage would continue to apply to "Bodily Injury" and to "Property Damage" occurring after (1) all work on the project to be performed by on or behalf of the Additional Insured(s) at the site of the covered operation(s) had been completed and would also continue after; (2) ROADSAFE's work out of which the injury or damage arose had been put to its intended use by any person or organization.

---

[2] The contract was between Centex Construction, LLC and NES Traffic Safety. Centex Corporation sold Centex Construction to Balfour Beatty on February 1, 2007, and Centex was operating under that name Balfour Beatty beginning on March 31, 2007. NES Traffic Safety became known as Roadsafe Traffic Systems.

10. Also, pursuant to subsection 6 of the Contract, ROADSAFE was required to name BALFOUR BEATTY, the Contractor, as an additional named insured on its general liability insurance policy. The coverage to BALFOUR was to contain a waiver of subrogation.

11. Pursuant to subsection 7E of the contract, ROADSAFE agreed that, at a minimum, it would purchase insurance providing coverage of at least $2,000,000.00 as follows

> "...to Contractor and Owner as an additional insured...for injury, loss, damage, or death to any person or persons...and any property damage arising out of, resulting from, or in connection with (in whole or in part) the performance or nonperformance of work required in th[e] Subcontract, whether on the Project or proceeding to or from the site, regardless of the negligence or fault of Contractor or Owner, their agents, officers, directors, members, managers, or employees. [And], should the carrier(s) selected by Subcontractor and its surety fail or refuse to assume the defense of any claim that could or should be covered by the required insurance above, Subcontractor and its surety shall be liable to Contractor for all damages, fees and costs (including attorneys' fees) incurred in defending the claim, paying any settlement or judgment and/or pursuing the carrier for coverage."

12. Pursuant to subsection 7 of the Subcontract Agreement, ROADSAFE agreed to indemnify Balfour as follows:

> "Subcontractor agrees to indemnify and hold harmless Contractor and its officers, directors, members, managers, and employees from liability, damages, losses and costs, including, but not limited to, reasonable attorney's fees, to the extent caused by the negligence, recklessness, or intentional wrongful misconduct of Subcontractor and persons employed or utilized by Subcontractor in the performance of th[e] Subcontract agreement."

13. Further, ROADSAFE expressly agreed to undertake a duty to defend BALFOUR as a separate duty, independent of and broader than the duties to indemnify, protect and hold harmless. The duty to defend agreed to by ROADSAFE:

> "...expressly includes all costs of litigation, attorney's fees, expert's and consultant's fees, settlement costs and reasonable expenses in connection with the litigation, whether or not the claims made for loss, injury, damage, or property

damage are valid or groundless and regardless of whether the defense of Contractor is maintained by Contractor or assumed by Subcontractor as long as the claims made could be causally connected to Subcontractor ("Claims") as reasonably determined by Contractor."

14. Plaintiff alleges that on October 7, 2008, Gage Root was being pulled in a wagon by his aunt in the area of Del Prado Boulevard and Kismet Parkway in Cape Coral, Florida, when the boy jumped out of the wagon and ran into traffic that was adjacent to BALFOUR's construction site. Root was struck by a vehicle in a hit-and-run collision and injured. Plaintiff further alleges the negligence included failure to warn and maintenance of traffic.

15. As BALFOUR'S subcontractor responsible for the Maintenance of Traffic, ROADSAFE was charged with maintenance of traffic and warning pedestrians through barricades and warnings/signage of any dangers in the Del Prado Roadway Project.

16. On or about March 29, 2012, Plaintiff filed a negligence action against BALFOUR BEATTY CONSTRUCTION COMPANY, INC., a Florida corporation ZEP CONSTRUCTION, INC., C.W. ROBERTS CONTRACTING, INC., f/k/a COUGAR CONTRACTING SPECIALITIES, INC., a wholly owned subsidiary of CONSTRUCTION PARTNERS, INC., DRMP, INC., ROADSAFE TRAFFIC SYSTEMS, INC., f/k/a NES TRAFFICSAFETY and ALLIED ENGINEERING AND TESTING, INC by Plaintiffs, TONIA ROOT, on behalf of GAGE ROOT, based on the accident of October 7, 2008.

17. BALFOUR has demanded defense and indemnification from ROADSAFE, and insurance coverage from ROADSAFE'S insurer, ZURICH, as it pertains to this claim.

18. All conditions precedent to bringing this action have been performed, have occurred or have been waived.

19. BALFOUR is in doubt as to its rights under the subject ZURICH policy as it

pertains to ZURICH's duty to defend and indemnify BALFOUR with regard to the allegations set forth against BALFOUR in this lawsuit. Therefore, BALFOUR seeks an adjudication of its rights pursuant to said contract of insurance.

20. BALFOUR has retained the services of the undersigned attorneys, and pursuant to Florida Statutes, § 627.428, it is entitled to an award of reasonable attorney's fees and costs from ZURICH.

WHEREFORE, Third-Party Plaintiff demands that a declaratory judgment be entered against Third-Party Defendant declaring that Third-Party Defendant, ZURICH, is required under its policy of insurance to provide a defense and coverage for the underlying lawsuit, that Third-Party Defendant owes damages for costs and attorney's fees incurred by Third-Party Plaintiff in this action and the underlying action, and such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 11th day of January, 2013, that a true and correct copy of the foregoing was electronically mailed to: Todd R. Falzone, Esq., Kelley Uustal, PLC, 700 SE Third Avenue, Suite 300, Ft. Lauderdale, FL 33316, Email:[ trf@kulaw.com and jody@kulaw.com]; George L. Fernandez, Esq., Quintairos, Prieto, Wood & Boyer, P.A., Attorneys for C.W. Roberts Contracting, Inc., 9300 South Dadeland Blvd., 4th Flr, Miami, FL 33156, Email: [gfernandez@qpwblaw.com, bfetokakis-fernandez@qpwblaw.com]; Steven Adamsky, Esq., Mitrani, Rynor, Adamsky & Toland, P.A., Attorneys for Road Safe, 2400 N. Commerce Parkway, Suite 302, Weston, FL 33326, Email: service@mitrani.com; sadamsky@mitrani.com; jrosenberg@mitrani.com and tprovenzano@mitrani.com; James K. Parker, Esq., Yvette R. Lavelle, Esq., Boyd, Richards, Parker & Colonelli, P.L., Counsels for Allied Engineering and Testing, Inc. Miami Tower, 100 S.E. Second Street - 36th Floor Miami, FL 33131, Email: Jparker@boydlawgroup.com; ServiceMia@boydlawgroup.com; ylavelle@boydlawgroup.com; David Salazar, Esq., and Michael Brand, Esq.,Cole, Scott & Kissane, P.A. Counsel for ZEP Construction Inc., 9150 S. Dadeland Blvd. Dadeland Centre II Suite 1400 Miami, FL 33156, Email: david.salazar@csklegal.com; michael.brand@csklegal.com and claire.stitely@csklegal.com; Joseph H. Lowe, Esq., Klein, Glasser, Park, Lowe & Pelstring, Counsel for DRMP, Inc., 9130 S Dadeland Boulevard 2 Datran Center, Suite 1225 Miami, Fl 33156, Email: lowej@kgplp.com; pelstringj@kgplp.com; pleadings@kgplp.com and mclaughlinr@kgplp.com; Mark A. Boyle, Sr., Esq., Boyle, Gentile, Leonard & Crockett, P.A., 2050 McGregor Boulevard, Fort Myers, FL 33901,

Email: mboyle@boylegentilelaw.com; eservice@boylegentilelaw.com; DCrockett@boylegentilelaw.com and via US Mail to the Clerk of Courts.

> RESTANI, DITTMAR & HAUSER, P.A.
> *Attorney for BALFOUR BEATTY CONST.*
> 201 Alhambra Circle, Suite 1050
> Coral Gables, Florida 33134
> 305-445-4090/305-445-7728
> Emails: pleadings@rdhlegal.com
> jgonzalez@rdhlegal.com
>
> By: _____
> PETER R. RESTANI
> Fla. Bar No. 361461
> ERIC FARMELANT
> Fla. Bar. No. 84161