UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BALFOUR BEATTY CONSTRUCTION, LLC,
a Delaware limited liability corporation, and CITY
OF CAPE CORAL

      Plaintiffs,

vs.

ZURICH AMERICAN INSURANCE       Case No.: 2:13-cv-00205-SPC-UAM
COMPANY, a foreign corporation, ROADSAFE
TRAFFIC SYSTEMS, INC., f/k/a NES TRAFFIC
SAFETY, and LIBERTY MUTUAL FIRE
INSURANCE COMPANY

      Defendants.
_____/

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs, Balfour Beatty Construction, LLC ("Balfour") and the City of Cape Coral (the "City"), sue Defendants, Zurich American Insurance Company, Roadsafe Traffic Systems, Inc., f/k/a NES Traffic Safety, and Liberty Mutual Fire Insurance Company, and allege as follows:

### I. JURISDICTION AND PARTIES

1.     This is an action for declaratory judgment pursuant to Chapter of 86 of the Florida Statutes seeking a determination of coverage under a policy of insurance issued by Zurich American Insurance Company ("Zurich") to Roadsafe Traffic Systems, Inc ("Roadsafe") in which the City of Cape Coral and Balfour are purportedly named as additional insureds.

2.     Additionally, this action seeks a determination pursuant to Chapter 86 of the Florida Statutes as to whether Roadsafe has complied with the terms of its subcontract

agreement with Balfour by purchasing insurance for the City and Balfour.

3. At all times material hereto, Plaintiff, Balfour, was and is a corporation duly licensed to do business in Lee and Miami-Dade County, Florida. Its principal address is in Texas and it is organized under the laws of Delaware.

4. At all times material hereto, Plaintiff, City of Cape Coral, was and is a municipality located in the state of Florida. This action is brought on behalf of the City, whose interests in indemnification mirror those of Balfour with respect to the allegations of this Amended Complaint.

5. At all times material hereto, Defendant, Zurich, was and is an insurance company with its principal place of business in New York. It is authorized to do business in the state of Florida and transacts business in Lee County.

6. At all times material hereto, Defendant, Roadsafe Traffic Systems Inc., f/k/a NES Traffic Safety ("Roadsafe"), was and is an Illinois corporation, maintains offices in and regularly transacts business in Florida, and as a party to the underlying state court action has an interest as to whether Zurich has provided commercial liability insurance for Balfour and the City.

7. At all times material hereto, Defendant, Liberty Mutual Fire Insurance Company, was and is a foreign corporation authorized to do business in the state of Florida and has issued a policy of insurance to Balfour regarding operations which include those which make up the basis for liability in the underlying action brought by Tonia Root.

## II. PETITION FOR DECLARATORY JUDGEMENT

### i. Basis of this Action:

8. Balfour and Roadsafe entered into a subcontract agreement whereby Roadsafe promised to purchase an insurance policy naming the City and Balfour as additional insureds. The subcontract agreement entered into by Balfour and Roadsafe is attached hereto and incorporated herein as **Exhibit "A."**

9. The City and Balfour are informed and believe that Roadsafe has purchased insurance for plaintiffs according to the terms of the subcontract agreement.

10. The City and Balfour are purportedly additional insureds on a policy of commercial liability insurance issued by Zurich to Roadsafe. The policy number is GLO-9262299-01 and was in effect from 10/03/08 to 10/03/09. The Certificate of Liability Insurance for Zurich's policy issued to Roadsafe and naming Balfour and the City of Cape Coral as additional insureds is attached hereto and incorporated herein as **Exhibit "B."** The insurance policy provided by Zurich in its Rule 26 disclosures as representative of the policy in effect at the time of the incident is attached hereto and incorporated herein as **Exhibit "C."**

11. The City and Balfour have been named as parties defendant in a state tort action, which will be further discussed herein, and have made demand for indemnification from Roadsafe. The City and Balfour are informed and believe that the alleged accident which forms the basis of the underlying state tort action falls within the

coverage period and terms of the insurance policy.

12. Zurich has created an issue with respect to Exhibits "A," "B," and "C" by rejecting Balfour's demand for indemnification. A demand for indemnification was made upon Roadsafe and its carrier Zurich. Zurich responded by saying that no coverage exists as to the policy provided in Exhibit "C."

### ii. Facts giving rise to this action:

13. On March 11, 2005, the City of Cape Coral engaged Balfour as a general contractor for a road widening project taking place around Del Prado Boulevard and Kismet Parkway of Cape Coral, Florida. On January 2, 2007, Balfour entered into a "Maintenance of Traffic" subcontract with Roadsafe, whereby Roadsafe was to perform maintenance of traffic operations to allow for the safe flow of traffic and pedestrians through the construction site without posing an unreasonable risk of harm to either. In the subcontract agreement, the City and Balfour required, and Roadsafe agreed, to indemnify Balfour and the City and to purchase an insurance policy naming the City and Balfour as additional insureds, thereby covering them for damages during performance of work required in the subcontract. *See* Exhibit "A," p. 16-17 of 26.

14. On October 7, 2008, an accident occurred on or around the construction site which forms the basis of the underlying liability suit.

15. In the liability action, it is alleged that a child, Gage Root, was being pulled through the construction site in a red wagon when suddenly, the child jumped out of the

wagon and ran into traffic. The child was struck by a car in a hit-and-run collision and suffered personal injuries.

16. On March 29, 2012, Tonia Root, the child's mother, filed a negligence action in the Circuit Court in and for Lee County, Florida, styled *Tonia Root v. Balfour Beatty Construction, LLC, et al.*, Case No. 12-CA-003562, naming as co-defendants Balfour, Roadsafe, and the City of Cape Coral. A copy of the second amended complaint from the underlying suit is attached hereto and incorporated herein as **Exhibit "D."**

17. After being named as defendants in the liability suit, Balfour, acting on behalf of itself and the City, tendered a demand for defense and indemnification on Roadsafe and Zurich. However, both refused and this action was filed to determine the parties' rights and responsibilities under the the subcontract agreement and the Zurich policy. A copy of the demand letters are attached hereto and incorporated herein as **Exhibit "E."**

### iii. Indemnification Requirements Under Services Contract:

18. Plaintiffs, Balfour and the City, are purportedly insured under the above described policy of insurance issued by Zurich. Plaintiffs assert this right to coverage not only because Zurich's Certificate of Liability Insurance reveals that both are additional insureds, but also because the subcontract between Balfour and Roadsafe mandates that Roadsafe purchase insurance naming the plaintiffs as additional insureds. *See* Exhibits "A" and "B." The Certificate of Liability Insurance was issued specifically

in satisfaction of the obligations of Roadsafe to provide insurance to indemnify the City and Balfour.

19. In the underlying suit, Root alleges that the negligence which caused her son's injuries included negligent failure to warn and negligent maintenance of traffic.

20. As Balfour's subcontractor, Roadsafe was charged with maintenance of traffic and warning pedestrians through barricades, warnings, and signage of any dangers in the Del Prado Roadway Project.

21. Balfour's liability in the underlying action was allegedly caused by the negligence, recklessness, or intentional wrongful misconduct of Roadsafe. Pursuant to Article 7A of the subcontract, Roadsafe "agree[d] to indemnify and hold harmless [Balfour]...from liability, damages, losses, costs...to the extend caused by the negligence, recklessness, or wrongful misconduct of [Roadsafe]."See Exhibit "A," p. 15 of 26.

22. Plaintiffs' right to coverage is supported by the Certificate of Liability Insurance (Exhibit "B") which provides, "Balfour Beatty and the City of Cape Coral are named as additional insureds." The pertinent provision from the Certificate of Liability Insurance states:

"The general liability policy's general aggregate limit applies per project is subject to a 10,000,000 aggregate policy limit. RE: Any and all jobs for Cape Coral Transportation Project all phases. **Balfour Beatty and City of Cape Coral are named as additional insureds** as their interests may appear."(emphasis added).

23. Pursuant to Article 6 of the subcontract (Exhibit "A"), Roadsafe agreed to:

> "maintain all insurance coverages required by this Agreement in force for a period of one (1) year after completion of the work and for two (2) years in the case of completed operations coverage. General Liability coverage will continue to apply to "Bodily Injury" and to "Property Damage" occurring after (1) all work on the project to be performed by or on behalf of the Additional Insured(s) at the site of the covered operation(s) has been competed and will also continue after; or (2) that portion of [Roadsafe's] work out of which the injury or damage arises has been put to its intended use by any person or organization."

24. Further, under Article 7E, Roadsafe agreed that, at a minimum, it would purchase insurance providing coverage of at least $2,000,000.00 as follows:

> "...to Contractor and Owner as an additional insured...for injury, loss, damage, or death to an person...and any property damage arising out of, resulting from, or in connection with (in whole or in part) the performance or nonperformance of work required in th[e] Subcontract, whether on the Project or proceeding to or from the site, regardless of the negligence or fault of Contractor or Owner...Should the carrier(s) selected by Subcontractor and its surety fail or refuse to assume the defense of any claim that could or should be covered by the required insurance above, Subcontractor and its surety shall be liable to Contractor for all damages, fees, and costs (including attorney's fees) incurred in defending the claim, paying any settlement or judgment and/or pursuing the carrier for coverage."

25. Additionally, Roadsafe agreed to indemnify Balfour as follows:

> "Subcontractor agrees to indemnify and hold harmless Contractor...from liability, damages, losses and costs, including, but not limited to, reasonable attorney's fees, to the extent caused by the negligence, recklessness, or intentional wrongful misconduct of Subcontractor and persons employed or utilized by Subcontractor in the performance of th[e] Subcontract agreement."

26. Article 7 provides that Roadsafe expressly agreed to undertake a duty to defend Balfour as a separate duty, independent of and broader than the duties to indemnify,

7

protect, and hold harmless. The duty to defend agreed to by Roadsafe:

"...expressly includes all costs of litigation, attorney's fees, expert's and consultant's fees, settlement costs and reasonable expenses in connection with the litigation, whether or not the claims made for loss, injury, damage, or property damage are valid or groundless and regardless of whether the defense of Contractor is maintained by Contractor or assumed by Subcontractor as long as the claims made could be causally connected to Subcontractor ("Claims") as reasonably determined by Contractor."

27. The above referenced indemnification and insurance provisions were articulated conditions of Roadsafe being awarded the subcontract for this project. Roadsafe and its insurer Zurich now wish to ignore these legal obligations.

28. Pursuant to the policy of insurance (Exhibit "C") read together with the above referenced Certificate of Liability Insurance (Exhibit "B"), Balfour and the City are additional insureds under the policy issued by Zurich to Roadsafe. Accordingly, Zurich owes defense and indemnification to Balfour and the City regarding the underlying liability suit.

### iv. Coverage Anticipated Under Zurich Policy

29. The underlying state tort action alleges that the City and Balfour were negligent in causing Root's injuries. Article 7E of the subcontract requires Roadsafe to purchase insurance providing coverage to the City and Balfour as additional insureds for injury or loss to any person resulting from work performed under the subcontract, "regardless of the negligence or fault" of the City or Balfour. Exhibit "A," p. 16 of 26.

30. Additionally, the Certificate of Liability Insurance purports to show that the City and Balfour are named as additional insureds under the Zurich policy. Exhibit "B."

31. Nonetheless, Zurich and Roadsafe have refused to indemnify and defend the City and Balfour in the underlying action. *See* Exhibit "E."

### v. Zurich Estopped from Denial of Coverage / Default by Roadsafe to Provide Viable Indemnification

32. The Certificate of Liability Insurance naming the City and Balfour as additional insureds was issued by someone with apparent authority on the part of Zurich to issue such certificates. Therefore, the City and Balfour were entitled to and did in fact rely upon it to award the contract to Roadsafe. Zurich is estopped from denying coverage

8

based on its issuance by such a party with apparent authority or otherwise as an authorized agent of Zurich.

33. Roadsafe and or Zurich had this Certificate issued with the specific intent of having the City and Balfour rely upon it as compliance with the terms of the subcontract.

34. Balfour granted Roadsafe authorization to commence work once it received notice to commence work from the City, which was based upon Roadsafe's purported compliance with the indemnification provisions of the subcontract. But for the issuance of the Certificate of Liability Insurance, Roadsafe would not have been granted a contract and would not have been permitted to commence operations.

35. The City and Balfour did rely upon this purported Certificate of Liability Insurance as they proceeded with construction.

### vi. Declaratory Judgment Required

36. Under Chapter 86 of the Florida Statutes, the City and Balfour are in need of a determination of rights and obligations with respect to the aforementioned policy of insurance as required by the subcontract agreement, and whether the City and Balfour are additional insureds.

37. Plaintiffs ask the Court to determine whether Zurich is within its rights to decline to indemnify the City and Balfour under the terms of its Certificate of Liability Insurance naming Balfour and the City as additional insureds.

38. Plaintiffs ask the Court to determine whether Roadsafe has complied with terms of the subcontract in purchasing insurance for the City and Balfour.

39. Balfour is in doubt as to its obligation to the City regarding indemnification within the statutory limits of liability for the City, or whether there is insurance in effect which affects the limits.

40. There exists a *bona fide* issue as to whether Zurich is obligated under the terms of its policy to provide coverage or a defense to the City and Balfour regarding the claims in the underlying state court action.

41. There exists a *bona fide* issue as to whether Roadsafe has breached the terms of its subcontract with Balfour, requiring Roadsafe to purchase insurance and name the City and Balfour as additional insureds.

42. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

43. Balfour and the City have retained the services of the undersigned counsel, and pursuant to Florida Statute §627.428, are entitled to an award of reasonable attorney's fees and costs from Zurich and or Roadsafe.

WHEREFORE, Plaintiffs demand that a declaratory judgment be entered against Zurich, declaring that Zurich is required under its policy of insurance to provide a defense and coverage for the underlying lawsuit, that Zurich owes damages for costs and attorney's fees incurred by Plaintiffs in this action and the underlying action filed by Root, and such other and further relief as the Court deems appropriate. **Alternatively,** if the court finds Zurich is not required to provide a defense and coverage to Plaintiffs, Plaintiffs request that a declaratory judgment be entered against Roadsafe, declaring that Roadsafe has not complied with the terms of its subcontract agreement with Balfour

Balfour v. Zurich
Case No. : 2:13-cv-205-SPC-UAM

in providing insurance coverage to Balfour and the City, that Roadsafe owes damages for costs and attorney's fees incurred by Plaintiffs in this action and the underlying action filed by Root, and such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2013, a true and correct copy of the forgoing has been electronically filed with the United States District Court for the Middle District of Florida, Fort Myers Division, and served on counsel of record on the service list below.

Respectfully submitted by:

/s/ James M. Fishman
James M. Fishman, Esq.
F.B.N. 291201
JAMES M. FISHMAN, P.A.
9655 S. Dixie Hwy-Suite 102
Dadeland Professional Bldg.
Pinecrest, Florida 33156
Telephone: 305.661.1680
Facsimile: 305.661.1606
Email: jmfishman@fishmanlawfl.com
Eservice:
EserviceJMFishmanPA@fishmanlawfl.com

## SERVICE LIST

**Attorneys for Zurich American Insurance Company**
Douglas M. McIntosh, Esq.; Dmcintosh@mscesq.com
Tracy L. Kramer, Esq.; Tkramer@mscesq.com
McIntosh, Sawran & Cartaya, P.A.; Dmmpleadings@mscesq.com
1776 East Sunrise Boulevard
P.O. Box 7990
Fort Lauderdale, Florida 33338-7990
Telephone: (954) 765-1991
Facsimile: (954) 765-1005