UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BALFOUR BEATTY CONSTRUCTION,
LLC and CITY OF CAPE CORAL, a
Delaware limited liability corporation

       Plaintiffs,

v.                            Case No:  2:13-cv-205-FtM-38CM

ZURICH AMERICAN INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE                  COMPANY,
ROADSAFE TRAFFIC SYSTEMS,
INC. and TONIA ROOT,

             Defendants/Third
             Party Plaintiffs

TONIA ROOT and ROADSAFE
TRAFFIC SYSTEMS, INC.,

       Third Party Defendants.
_____/

### ORDER[1]

    This matter comes before the Court on Non-Party Tonia Root's Motion to Dismiss

(Doc. #74) filed on December 19, 2013. The Defendant and Third Party Plaintiff, Zurich

American Insurance Company (ZAIC) filed a response (Doc. #94) on January 09, 2014.

The Motion is now ripe for the Court's review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## BACKGROUND

The present declaratory action arises from a Florida state court lawsuit brought by Tonia Root (Root), on behalf of her son Gage Root, for negligence after he was struck by a car (the "underlying lawsuit") while proceeding through a street under construction in the City of Cape Coral (the "City"). Balfour had contracted with the City to serve as general contractor in the road construction project. Balfour hired several subcontractors, including Roadsafe Traffic Systems, Inc. f/k/a NES Traffic Safety ("Roadsafe") who is a named insured of ZAIC. In the underlying lawsuit, Root sued the City, Balfour, and all or most of Balfour's subcontractors, including Roadsafe, ZEP Construction, Inc. ("ZEP"), C.W. Roberts Contracting, Inc. ("CW Roberts"), DRMP, Inc. ("DRMP"), and Allied Engineering and Testing, Inc. ("Allied").

In the underlying lawsuit, Balfour brought a third party complaint against ZAIC seeking declaratory judgment that ZAIC has a duty to provide a defense and coverage for Balfour in the underlying suit pursuant to the insurance policy ZAIC issued to Roadsafe. Balfour contended that it is an additional insured under Roadsafe's insurance policy. On March 13, 2013, ZAIC removed Balfour's third party complaint to this Court based on diversity jurisdiction. (Doc. #1). Balfour sought leave to join seven parties to the action including Root. (Doc. #37). This Court denied Balfour's Motion for Joinder with respect to Root but permitted the joinder of the City as a party plaintiff. (Doc. #51). ZAIC filed a Third Party Complaint against Root on November 18, 2013. (Doc. #62).

## DISCUSSION

Root moves to dismiss ZAIC's Third Party Complaint (Doc. #62) pursuant to Federal Rule of Civil Procedure 14 and 19. Specifically, Root alleges that ZAIC's Third

Party Complaint is untimely because it was filed more than fourteen (14) days from the date of its original answer without leave of Court. Ms. Root also alleges that she is not a necessary or indispensable party under Rule 19. ZAIC responds that Ms. Root is an indispensable party because she will be bound by any judgment render by this Court. ZAIC also asserts that while it opposed Balfour's Motion for Joinder as to Root generally, it also asserted that Root could be joined under Rule 20 without destroying Diversity.

### 1. *Diversity Jurisdiction*

The Court will first address whether joining Root in this action will destroy subject matter jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000 and is between "citizens of a State and citizens or subjects of a foreign state . . . ." Moreno v. Breitburn Florida, LLC, 2011 WL 2293124 *1 (M.D. Fla. June 9, 2011) (citing 28 U.S.C. § 1332(a)(2)).   This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir.2000). "Since Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir.2007).

Here, Balfour filed the Amended Complaint pursuant to this Court's Order issued on September 27, 2013. (Doc. #51). Thus, the Amended Complaint superseded the original complaint as the operative pleading before the Court. Bank of Am., N.A. v. Crawford, 212-CV-691-FTM-38, 2014 WL 523022 (M.D. Fla. Feb. 10, 2014); See Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1358 (11th Cir.1982) (citations omitted). The Amended Complaint lists the City of Cape Coral, a municipality located in the State of Florida, as a Plaintiff in the action. (Doc. #54 p. 2). ZAIC's Third Party Complaint clearly states that Root is also a citizen of Florida. (Doc. #62 p. 18).

However, a defendant's joinder of a non-diverse third-party defendant, pursuant to Fed. R. Civ. P. 14, does not destroy diversity between the original plaintiff and defendant. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 65–67 n. 1, 117 S. Ct. 467, 136 L.Ed.2d 437 (1996) (dicta) (" 'Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.' ") (quoting J. Moore, Moore's Federal Practice § 14.26 (2d ed.1996) (footnotes omitted)); Chestnut Run Fed. Credit Union v. Employers Mut. Liab. Ins. of Wis., 392 F.Supp. 76, 77 (D.Del.1975) (holding that lack of diversity between plaintiff and third-party defendant did

not destroy diversity jurisdiction over original complaint and that court could adjudicate third-party complaint) (citation omitted); Fawvor v. Texaco, Inc., 387 F.Supp. 626, 628 (E.D.Tex.1975) (same); Fedorchak v. Montgomery Ward, 18 F.R.D. 1, 2 (M.D.Pa.1955) (same); *cf.* Texas Eastern Transmission Corp. v. Texas Eastern Transmission Corp., 15 F.3d 1230, 1236 (3d Cir.1994) ("Ancillary subject matter jurisdiction may be exercised over ... third party defendants."); Washington Hosp. Ctr. Nat'l Rehabilitation Hosp. v. Collier, 947 F.2d 1498, 1501 (D.C.Cir.1991) (holding that district court may exercise ancillary jurisdiction over claim between non-diverse defendant and third-party defendant). Thus, the fact that the City and Root are both citizens of the State of Florida does not affect this court's diversity jurisdiction over Balfour's original complaint.

### 2.   *Whether Root is a Necessary Party*

The Defendant argues that joining Tonia Root is necessary under Fed. R. Civ. P. 19(a).   ZAIC's sole claim against Root is for this Court to declare against Root that ZAIC has no duty to indemnify Balfour or the City of Cape Coral in the underlying lawsuit.   ZAIC further argues that Root could come back at a later date and sue ZAIC under Fla. Stat. § 627.4136(4) seeking insurance coverage under Roadsafe's policy and it is, therefore, in the interest of judicial economy to allow Root to be joined as a third party defendant.

A party is "required" if "in [the] person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). A party is also "required" if the party has an interest in the action and resolution of the action may either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Barbachano v. Standard Chartered Bank Intern. (Americas) Ltd., 2014 WL

29595, *4 (S.D. Fla. January 3, 2014) (citing Fed. R. Civ. P. 19(a)(1)(B)); *see* Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir.1999) ("A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings.") (citing Fed. R. Civ. P. 19(a)(1)(B))

ZAIC seeks a declaration that there is no insurance coverage under ZAIC's Policy for Root's underlying lawsuit against Balfour, the City of Cape Coral, and ZAIC's named insured Roadsafe.  ZAIC argues that Root is an essential party because she is a claimant who has sued those parties, in the underlying lawsuit, who claim to be insured under ZAIC's Policy, including Roadsafe, Balfour, and the City of Cape Coral.   Thus, ZAIC argues that Root is properly joined to this litigation due to her interest in the outcome of the declaratory judgment.

If the limitations and exclusions sought by ZAIC apply they could limit ZAIC's exposure in the underlying state court case and thereby limit Root's ability to recover damages from the insured defendants.   Root clearly has an interest in this matter since her case in the underlying suit would be prejudiced should ZAIC prevail in this action. *See* Capitol Speciality Ins. Corp. v. R.G. Rancho Grande Corp., 2010 WL 1541187, *1-2 (S.D. Fla. April 16, 2010) (holding "[p]laintiff's declaratory judgment action asks the Court to determine whether an exclusion in the insurance policy applies such that Plaintiff owes a duty to defend or indemnify the [ ]Defendants.  If the exclusion applies, it could eliminate Plaintiffs' liability in the underlying suit . . . . Therefore, Florida law makes clear that [the plaintiffs in the underlying suit] are proper parties in this suit."); Auto–Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc., 2009 WL 3446745, *2 (M.D. Fla. Oct. 21, 2009)

(holding that though plaintiffs in the underlying state-court action were not parties to the insurance contract, "[a]s the injured parties, [they] have an interest in this declaratory judgment action, and their inclusion is permissible under Florida law.").

Further, if Root were not a party to this declaratory action, then ZAIC's declaratory judgment against the defendants in the underlying lawsuit would not be binding on Root. Amerisure Ins. Co. v. RL Lantana Boatyard, Ltd., 2010 WL 4628231, * 2 (S.D. Fla. November 8, 2010) (citing Indep. Fire Ins. Co. v. Paulekas, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("[a] declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."). The legal effect of the Court's decision in this declaratory judgment could be undermined if Root later could sue ZAIC for damages under the terms of the insurance policy irrespective of this Court's judgment regarding ZAIC's obligations, or lack thereof, under the policy.

Root has an interest in the disposition of the current proceedings because her recovery in the underlying case could be harmed if ZAIC prevails.  ZAIC has an interest in bringing Root in as a third party defendant because if ZAIC prevails and  Root is not joined ZAIC can still face a lawsuit over the same coverage issues from Root.  Thus, Root is properly joined as a necessary third party counter defendant under Fed. R. Civ. P. 19. The Motion to Strike ZAIC's Third Party Counter Claim is due to be denied.

### (3) Whether ZAIC's Joinder is Timely

Root argues that the joinder of Root is untimely because it was filed 243 days after the time permitted under the Federal Rules.  Under the Rules a defendant may implead a third party without leave of court fourteen (14) days after serving its original answer.

Fed. R. Civ. P. 14(a).  ZAIC argues that contrary to Root's argument Balfour and the City of Cape Coral filed their Amended Complaint (Doc. #54) on October 21, 2013.  On November 1, 2013, ZAIC sought an extension of time to file its Answer.  The Court granted the extension and ZAIC filed its Answer, Affirmative Defenses, and Counter Claim joining Root as a Third Party Defendant on November 18, 2013.  Thus, ZAIC argues that the counter claim was not filed 243 days late, but in a timely manner in response to Balfour and the City of Cape Coral's Amended Complaint.

Root's argument that ZAIC's counter claim is untimely filed since it was filed with the answer and response to Balfour and the City of Cape Coral's Amended Complaint and not in the original answer lacks merit.  ZAIC's Third Party Complaint was filed in response to the Amended Complaint and is the original answer to that Amended Complaint.  Therefore, the claim was timely filed.  Further, even if the Court should find that the Counterclaim should have been filed with ZAIC's original answer upon removal to this Court on March 13, 2013, the Court finds good cause in the exercise of its discretion, to allow the Counter Claim against Root as timely filed.

Accordingly, it is now

**ORDERED:**

The Non-Party Tonia Root's Motion to Dismiss (Doc. #74) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8